UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY BARTON,<br><br>  Petitioner,<br><br>  v.<br><br>JOSIE GASTELO,<br><br>  Respondent. | No. 2:19-cv-2126 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    The petition is related to petitioner's 1976 conviction in the San Joaquin County Superior Court. ECF No. 1 at 1. However, the petition is sparsely worded and although it is not entirely clear, petitioner appears to challenge the denial of a certificate of appealability by the United States District Court for the Central District of California in Barton v. Superior Court, No. 2:18-cv-6853 FMO RAO.[1] Id. at 2-4, 6.

    Moreover, review of this court's own records[2] demonstrates that petitioner has filed several habeas petitions within the last year and a half, and only the first-filed case, Barton v.

---

[1] Review of the petition in that case shows that it was also related to petitioner's 1976 conviction, though it appears to have been related to consideration for parole rather than the conviction itself.
[2] This court may take judicial notice of its own records and the records of other courts. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (citations omitted); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1    Beddick, No. 2:19-cv-0148 MCE DMC, which challenges the same conviction at issue in the

2    instant petition, proceeds on the merits.  With the exception of his second-filed petition (Barton v.

3    Biddick, No. 2:19-cv-0465 AC) and most recently filed petition (Barton v. Gastelo, No. 2:19-cv-

4    2322 DMC), which were construed as amended petitions in the first-filed case, the other habeas

5    cases filed by petitioner were dismissed as duplicative.[3]

6          To the extent petitioner may be attempting to challenge his 1976 conviction, the court

7    finds the instant habeas petition duplicative of Barton v. Beddick, No. 2:19-cv-00148 DMC, and

8    recommends dismissal on that basis.  To the extent petitioner may instead be attempting to

9    challenge the Central District's denial of a certificate of appealability, this court lacks jurisdiction

10   because petitioner must request a certificate of appealability from the Ninth Circuit Court of

11   Appeal, not another district court.  See Rule 11(a), 28 U.S.C. foll. § 2254.  Because the instant

12   petition does not articulate a cognizable claim, the court declines to construe it as an amended

13   petition in Barton v. Beddick, No. 2:19-cv-00148 DMC.  Nor will the court forward the petition

14   to the Ninth Circuit as a request for a certificate of appealability because judgment was entered in

15   Barton v. Superior Court, No. 2:18-cv-6853 FMO RAO, on September 17, 2018, and the petition

16   in this case was not filed until over a year later.  See 9th Cir. R. 22-1(d) (request for a certificate

17   of appealability must be made "within 35 days of the filing of a [timely] notice of appeal or

18   amended notice of appeal, or the district court's denial of a COA in full, whichever is later").

19         Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly

20   assign a United States District Judge to this action.

21         IT IS FURTHER RECOMMEDED that the petition for writ of habeas corpus (ECF No. 1)

22   is dismissed as duplicative of Barton v. Beddick, No. 2:19-cv-00148 DMC, or alternatively for

23   lack of jurisdiction.

24         These findings and recommendations are submitted to the United States District Judge

25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26

---

27   [3]  Barton v. Biddick, No. 2:19-cv-1433 CKD; Barton v. San Joaquin, No. 2:19-1740 CKD; Barton
     v. San Joaquin, No. 2:19-cv-2258 AC; and Barton v. San Joaquin Superior Court, No. 2:19-cv-
28   2262 CKD.

after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 19, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3