UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY BARTON,<br><br>        Petitioner,<br><br>    v.<br><br>JOSIE GASTELO,<br><br>        Respondent. | No.  2:19-cv-2126 KJM AC P<br><br><br><br>ORDER |

        By order filed September 29, 2020, this action was dismissed and the undersigned declined to issue a certificate of appealability.  ECF No. 7.  Judgment was entered the same day.  ECF No. 8.  On October 11, 2020,[1] petitioner filed what appears to be a handwritten copy of the docket entries for the order dismissing the case and judgement, except that he has edited the language to reflect that a certificate of appealability was granted.  ECF No. 9.  The filing will therefore be construed as a motion for reconsideration.

        A motion for reconsideration or relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)).  The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil

---

[1] Because petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Procedure 59(e) if it is filed [within the time provided by that Rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (citations omitted). Because petitioner's motion for reconsideration was filed within twenty-eight days of the entry of judgment, the court considers the motion Rule 59(e).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

When the court dismissed the petition it also declined to issue a certificate of appealability. ECF No. 7. Petitioner has not identified any grounds for reconsidering the decision not to issue a certificate of appealability and the motion will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for reconsideration, ECF No. 9, is denied.

DATED: September 30, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE